## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                §
                                      §           **CASE NO. 14-35005-HI-7**
**PATRICIA M. SANTOYO and**            §
**HUBER SANTOYO-ROCHA,**               §           **CHAPTER 7**
                                      §
     **DEBTORS**                       §
_____

**RONALD J. SOMMERS, CHAPTER 7**       §
**TRUSTEE**                            §
                                      §
          **Plaintiff,**               §           **Adversary No. 15-03095**
                                      §
**vs.**                                §
                                      §
**GERARDO A. AGUIRRE d/b/a**            §
**CRESTFIELD HOMES,**                  §
                                      §
          **Defendant.**               §

## FIRST AMENDED COMPLAINT TO DETERMINE EXTENT, VALIDITY, AND PRIORITY OF LIEN AND FOR OTHER RELIEF

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, in his capacity as Chapter 7 trustee for the bankruptcy estate of Patricia M. Santoyo and Huber Santoyo-Rocha (collectively, the "Debtors"), files this First Amended Complaint (the "Complaint") against Gerardo A. Aguirre d/b/a Crestfield Homes.

## I.
## JURISDCTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This action is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K), and (O).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1409(c).

3.      The Court has constitutional authority to enter a final judgment regarding the extent, validity, and priority of Defendant's lien and the amount of Defendant's claims against the bankruptcy estate. The Trustee consents to the entry of final orders and judgments by this Court. If the Defendant does not consent to entry of final orders and judgments by this Court and the Court determines that it cannot enter a final judgment without the consent of the parties, the Trustee requests that the Court enter proposed findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9033.

## II.
## PARTIES

4.      Plaintiff, Ronald J. Sommers ("Plaintiff" or "Trustee"), is the duly-appointed Chapter 7 trustee for the bankruptcy estate of the Debtors. Plaintiff may be served with pleadings and process in this Adversary Proceeding through his undersigned counsel.

5.      Defendant, Gerardo A. Aguirre d/b/a Crestfield Homes ("Defendant" or "Aguirre"), is an individual and resident of Texas.  Defendant may be served at his domicile at 4319 Wickby St., Fulshear, TX 77441, or wherever he may be found.

## III.
## FACTUAL BACKGROUND

6.      On or about August 6, 2007, Defendant and the Debtors entered into a Residential Construction Contract – Cost Plus (the "Contract") to build a single family home on the real property described as Lot 14, Block 2, Brazos Lake addition, Fort Bend County, Texas, commonly known as 6110 Vista Ridge Court, Richmond, Texas 77469 (the "Property").

7.      Defendant contends that the Debtors failed to pay certain amounts owed to him under the Contract.

8.　　On May 7, 2008, Defendant purportedly filed an Affidavit for Mechanic's and Materialmen's Lien in the official public records of Fort Bend County, Texas, (the "May 7, 2008 Affidavit"), which states that the Debtors are indebted to Defendant in the amount of $236,687.00.

9.　　On June 10, 2008, Defendant purportedly filed another Affidavit for Mechanic's, Contractors, and Materialman's Lien in the official public records of Fort Bend County, Texas (the "June 10, 2008 Affidavit"), which states that the Debtors are indebted to Defendant in the amount of $206,687.00.　The May 7, 2008 Affidavit and the June 10, 2008 Affidavit are sometimes collectively referred to herein as the "Lien Affidavits."

10.　　On June 30, 2008, Defendant filed a lawsuit against the Debtors styled *Aguirre et al. v. Santoyo et al.*, Cause No. 08-CV-165077, in the 268th Judicial District Court of Fort Bend County, Texas (the "State Court Lawsuit"), alleging, among other things, that Defendant is entitled to judgment against the Debtors for indebtedness owed under the Contract.

11.　　In the State Court Lawsuit, the Debtors filed an answer asserting, among other things, that: (a) the Debtors are not liable to Defendant because the Contract failed to contain language required by the Texas Constitution and the Texas Property Code; (b) Defendant's purported mechanic's liens are invalid for failure to comply with the Texas Property Code; and (c) the Debtors are entitled to an offset.

12.　　During the time periods described above, the Property was the Debtor's homestead and/or intended homestead.

13.　　On September 8, 2014 (the "Petition Date"), Debtors jointly filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee was duly-appointed as Chapter 7 trustee for the Debtors' bankruptcy estate and continues to serve in that capacity.

14.     On January 9, 2015, Defendant filed Proof of Claim No. 2 (the "Claim") against the Debtors' bankruptcy estate, seeking a total claim of $300,000, of which $300,000 is characterized as a claim secured by the Property and $30,500 is characterized as a general unsecured claim. Defendant's Claim lists the estimated value of the Property to be $250,000. Defendant has also characterized his Claim as a priority claim in the amount of $300,000 and checked the box on the Claim indicating that the basis for such priority is "[u]p to $2,755* of deposits toward purchase, lease, or rental property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)."

15.     On December 4, 2014, this Court ordered that the Trustee may sell the Property free and clear of the Defendant's alleged lien, subject to further order by this Court approving such sale. [Doc. No. 47].

## IV.
## CAUSES OF ACTION

### COUNT 1
### Declaratory Judgment to Determine Extent, Validity, or Priority of Lien
### [28 U.S.C. § 2201(a), Feb. R. Civ. P. 57, and Fed. R. Bankr. P. 7001(2)]

16.     Plaintiff re-alleges and incorporates all allegations of fact contained in paragraphs 1 through 15 as if fully set forth herein.

17.     Section 2201 of title 28 of the United States Code provides:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

18.     The Lien Affidavits do not comply with the requirements imposed by applicable Texas law because, among other reasons:

a.    the Contract fails to provide for rescission by the owner in accordance with Tex. Const. art 16, sec 50(a)(5)(C);

    b.   With respect to the May 7, 2008 Affidavit, Defendant failed to file a copy of the Contract with the county clerk of Fort Bend County, Texas, as required by § 53.254(e) of the Texas Property Code;

    c.   the Lien Affidavits do not contain the notice required by § 53.254(f) of the Texas Property Code;

    d.   To the extent Defendant was not the original contractor, Defendant failed to provide the notice to the Debtors required by §§ 53.252 and 53.254(g) of the Texas Property Code; and

    e.   Defendant failed to send a copy of the Lien Affidavits to the Debtors as required by § 53.055 of the Texas Property Code.

19.    Accordingly, pursuant to 28 U.S.C. § 2201(a), Plaintiff requests a declaratory judgment that the Lien Affidavits are invalid, void, and/or unenforceable under applicable Texas law and that Defendant's alleged lien on the Property is invalid.

20.    Alternatively, even if the Lien Affidavits are valid, Plaintiff requests a declaration of the extent of Defendant's lien on the Property with due credit given to the estate's right of offset from the underlying indebtedness.

**COUNT 2**
**Declaratory Judgment and Attorneys' Fees Under TUDJA**
**[Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*, and Fed. R. Bankr. P. 7001(2)]**

21.    Plaintiff re-alleges and incorporates all allegations of fact contained in paragraphs 1 through 15 as if fully set forth herein.

22.    Chapter 37 of the Texas Civil Practice & Remedies Code enables the Court to enter declaratory judgment concerning a person's "rights, status, or other legal relations" arising under a Texas statute, municipal ordinance, contract, or franchise. Tex. Civ. Prac. & Rem. Code §§ 37.003 and 37.004(a). The bankruptcy estate's and Defendant's respective rights with respect to the Property are governed, in whole or in part, by Texas state law, including the Texas Property Code. Accordingly, Plaintiff may request a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code.

23.     The Lien Affidavits do not comply with the requirements imposed by applicable Texas law because, among other reasons:

    a.  the Contract fails to provide for rescission by the owner in accordance with Tex. Const. art 16, sec 50(a)(5)(C);

    b.  With respect to the May 7, 2008 Affidavit, Defendant failed to file a copy of the Contract with the county clerk of Fort Bend County, Texas, as required by § 53.254(e) of the Texas Property Code;

    c.  the Lien Affidavits do not contain the notice required by § 53.254(f) of the Texas Property Code;

    d.  To the extent Defendant was not the original contractor, Defendant failed to provide the notice to the Debtors required by §§ 53.252 and 53.254(g) of the Texas Property Code; and

    e.  Defendant failed to send a copy of the Lien Affidavits to the Debtors as required by § 53.055 of the Texas Property Code.

24.     Accordingly, pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiff requests a declaratory judgment that the Lien Affidavits are invalid, void, and/or unenforceable under applicable Texas law and that Defendant's alleged lien on the Property is invalid.

25.     Alternatively, even if the Lien Affidavits are valid, Plaintiff requests a declaration of the extent of Defendant's lien on the Property with due credit given to the estate's right of offset from the underlying indebtedness.

26.     Plaintiff further requests that the Court award Plaintiff his costs, including reasonable and necessary attorneys' fees. Tex. Civ. Prac. & Rem. Code § 37.009.

## COUNT 3
### Objection to Defendant's Claim
### [11 U.S.C. § 541(b)]

27.     Plaintiff re-alleges and incorporates all allegations of fact contained in paragraphs 1 through 15 as if fully set forth herein.

28.     Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under 501 of this title, is deemed allowed, unless a party in interest…objects." Section 502(b) provides that, if an objection is made, then the Court must disallow any claim which is not "enforceable against the debtor and property of the debtor."

29.     The Plaintiff objects to the Claim in accordance with Section 502(b)(1) of the Bankruptcy Code for the following reasons:

    a.   the Claim is unenforceable because Defendant's material breach of the Contract discharged the Debtors', and therefore the estate's, obligations;

    b.   Even if the Claim is enforceable, the estate is entitled to an offset for amounts and/or credits due and owing by Defendant, including but not limited to amounts owed by Defendant attributable to: (i) labor and materials contributed by the Debtors in connection with the Contract; and (ii) damages owed by Defendant under the DTPA for failing to include the warning in the Contract required by § 41.007(a) of the Texas Property Code;

    c.   Even if the Claim is enforceable and Defendant's alleged lien is determined to be valid, the Claim is not properly bifurcated into secured and unsecured portions pursuant to § 506(a) of the Bankruptcy Code;

    d.   Even if the Claim is enforceable, Defendant is not entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(7); and

    e.   Even if the Claim is enforceable and Defendant is entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(7), such claim is capped in the amount of $2,775.

30.     Accordingly, Plaintiff requests that the Claim be disallowed.

31.     Alternatively, Plaintiff requests that the Claim be reduced to account for the estate's right of offset, that the Claim be properly bifurcated in accordance with § 506(a) of the Bankruptcy Code, and that the priority portion of the Claim be disallowed or allowed in the proper amount.

32.     Plaintiff further requests that the Court award Plaintiff reasonable and necessary attorneys' fees, court costs, expert witness fees, and related expenses in accordance with paragraph 20 of the Contract and § 38.001 of the Texas Civil Practice and Remedies Code.

## COUNT 4
### Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")
### [Tex. Bus. & Comm. Code § 17.46]

33.     Plaintiff re-alleges and incorporates all allegations of fact contained in paragraphs 1 through 15 as if fully set forth herein.

34.     Defendant failed to include the warning in the Contract as required by § 41.007(a) of the Texas Property Code.

35.     Section 41.007(b) of the Texas Property Code provides that "[a] violation of Subsection (a) of this section is a false, misleading, or deceptive act or practice within the meaning of Section 17.46, Business & Commerce Code, and is actionable in a public or private suit brought under the provisions of the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code)."  This provision of the Texas Property Code "is among the 'tie in' statues actionable under DTPA section 17.46." *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 822 (Tex. 2012).

36.     Accordingly, Defendant's actions violate the DTPA.  Defendant's acts or practices were done in such a manner as to be the producing cause of damages to the Debtors and therefore to the estate.  Defendant engaged in these actions knowingly or intentionally, and, thus, Plaintiff is entitled to treble damages.

37.     Plaintiff seeks judgment against Defendant for damages caused by Defendant's violations of the DTPA, including but not limited to all actual, incidental, direct, consequential, economic, special, nominal, general, and exemplary damages, plus costs of court, attorney's fees, and pre- and post-judgment interest.

### V.
### <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff requests a final judgment of this Court awarding the following relief:

a. declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Chapter 37 of the Texas Civil Practice & Remedies Code that the Lien Affidavits are invalid, void, and/or unenforceable under applicable Texas law and that Defendant's alleged lien on the Property is invalid;

b. judgment awarding Plaintiff his reasonable and necessary attorneys' fees and costs through judgment pursuant to § 37.009 of the Texas Civil Practice & Remedies Code;

c. judgment disallowing the Claim, or, alternatively, judgment allowing the Claim in a reduced amount to account for the estate's right of offset, properly bifurcating in accordance with § 506(a) of the Bankruptcy Code, and disallowing the priority portion of the Claim or allowing such priority portion in the proper amount;

d. judgment awarding Plaintiff his reasonable and necessary attorneys' fees, court costs, expert witness fees, and related expenses in accordance with paragraph 20 of the Contract and § 38.001 of the Texas Civil Practice and Remedies Code; and

e. judgment awarding Plaintiff all damages caused by Defendant's violations of the DTPA, including but not limited to all actual, incidental, direct, consequential, economic, special, nominal, general, treble, and exemplary damages, plus costs of court, attorney's fees, and pre- and post-judgment interest; and

f. such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Spencer D. Solomon*
    Spencer D. Solomon
    State Bar No. 24066117

Nathan Sommers Jacobs
A Professional Corporation
2800 Post Oak Blvd., 61st Floor
Houston, Texas  77056
Telephone:    (713) 960-0303
Facsimile:    (713) 892-4800
ssolomon@nathansommers.com

**ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE**