

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
10/27/2015

| | | |
|---|---|---|
| IN RE: | § | |
| PATRICIA M SANTOYO; aka SANTOYO; | § | CASE NO: 14-35005 |
| aka SANTOYO-ROCHA, *et al* | § | |
| Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| RONALD J SOMMERS | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 15-3095 |
| | § | |
| GERARDO A. AGUIRRE; dba | § | |
| CRESTFIELD HOMES | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

Gerardo Aguirre has moved for partial summary judgment over chapter 7 Trustee Ronald Sommers' claim for declaratory judgment. The Trustee responded with a cross-motion for partial summary judgment. A genuine issue of material fact exists as to the prejudicial effect, if any, of an omission contained in Aguirre's lien affidavit. Accordingly, all summary relief is denied, subject to an evidentiary hearing to be held on November 18 at 10:15 a.m. At the hearing, the Court will determine whether any party was prejudiced by Aguirre's omission. If no substantial prejudice is shown at that hearing, Aguirre's motion will be granted. If substantial prejudice is shown, Sommers' motion will be granted.

### Background and Procedural Posture

On August 6, 2007, Gerardo Aguirre d/b/a Crestfield Homes entered into a Residential Construction Contract (the "Contract") with Patricia and Huber Santoyo to construct a home in Fort Bend County, Texas. (ECF No. 9-1). Under the terms of the Contract, the Santoyos were to purchase the house for $165,000.00 to be paid in one installment of $30,005.25 and one

installment of $134,994.75.  *Id.*  Aguirre completed the home as planned on March 4, 2008. After Aguirre demanded payment, the Santoyos informed him they could not complete the scheduled payments because they were unable to obtain financing for the home.  (ECF No. 9 at 3).  Aguirre remained in contact with the Santoyos for the next several months seeking payment, but these efforts proved unsuccessful.

On June 30, 2008, Aguirre filed a lawsuit against the Santoyos in the 268th Judicial District Court of Fort Bend County.  (ECF No. 9-3).  Aguirre alleged that, *inter alia*, he was entitled to judgment against the Santoyos for indebtedness owing under the Contract.  On May 7, 2008, Aguirre had filed an Affidavit for Mechanic's, Contractors, and Materialman's Lien in the official public records of Fort Bend County.  (ECF No. 9-4).  Aguirre did not attach a copy of the Contract to the May 7 Lien Affidavit.  However, on June 10, 2008, Aguirre filed a second Lien Affidavit with the Fort Bend County property records which did include a copy of the Contract. (ECF No. 9-5).  The Santoyos have provided affidavits stating that the Fort Bend County property was their homestead at all times from August 2007 to September 8, 2014.  (ECF Nos. 11-7 and 11-7).

The state court lawsuit was still pending as of November 8, 2014, when the Santoyos filed a joint petition for chapter 7 relief.  (Case No. 14-35005; ECF No. 1).  Ronald J. Sommers was appointed chapter 7 Trustee.  On December 4, 2014, the Court ordered that the Trustee could sell the Property in question free and clear of Aguirre's alleged lien, subject to resolution of the lien's validity.  (Case No. 14-35005; ECF No. 47).  The Court subsequently authorized the Trustee to sell the Property for $315,000.00.  (Case No. 14-35005; ECF No. 76).  The bankruptcy estate received approximately $250,000.00 in net proceeds from the sale of the homestead.  (ECF No. 14 at 3).

On March 26, 2015, the Trustee commenced this adversary proceeding seeking a declaratory judgment regarding the validity of Aguirre's mechanic's lien pursuant to 28 U.S.C. § 2201(a).  (ECF No. 1).  The complaint also objected to Aguirre's proof of claim pursuant to 11 U.S.C. § 541(b) and various claims under the Texas Deceptive Trade Practices Act.  On June 15, 2015, Aguirre filed a motion for partial summary judgment requesting an order that Aguirre held a valid mechanic's lien against the homestead.  The Trustee responded with a cross-motion for partial summary judgment on June 19, 2015.  (ECF No. 11).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings. A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party.  *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *City & Cnty. of S. F., Cal. v. Sheehan*, 135 S.Ct, 1765, 1769 (2015).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the

record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).  Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues.  *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 326 (1986).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 322-24.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324.  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l*

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for the purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

*Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.  If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.  *Celotex*, 477 U.S. at 325.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Id.* at 324.  The motion should be granted only if the nonmovant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

*11 U.S.C. § 544(a)*

The Trustee brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Under the statute, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. . . ."  If the Trustee prevails in the declaratory judgment action, Aguirre will have only an unsecured claim.  Conversely, if Aguirre possessed a valid lien over the homestead, he will take the entire $250,000.00 in net proceeds, as well as an unsecured claim for the deficiency.

Section 544 of the Bankruptcy Code gives the bankruptcy trustee strong-arm powers to avoid certain prepetition transfers of property.  *Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 295 (5th Cir. 1997).  Specifically:

> (a) the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).  Section 544 allows the avoidance of a transfer of real property that is not perfected and accordingly not enforceable against a bona fide purchaser at the time the bankruptcy petition is filed.  *Hamilton*, 125 F.3d at 298.  Although the Bankruptcy Code creates the status of a hypothetical bona fide purchaser, Texas law defines that status.  *Id.* (citing *Mut. Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.)*, 876 F.2d 34, 36 (5th Cir. 1989)).  *See also Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law).

Under Texas law, a "bona fide purchaser is one who acquires (apparent) legal title to property in good faith for a valuable consideration . . . without notice of an infirmity in the title." *Hamilton*, 125 F.3d at 298 (citing *Williams v. Jennings*, 755 S.W.2d 874, 881 (Tex. App.—Houston 1988, writ denied).  An unrecorded mechanic's lien will not be enforced against a purchaser who acquires title to the property in good faith, for valuable consideration, and without notice.  *Contract Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Civ. App.—Dallas, no writ).  It is important to note, however, that in the context of a § 544(a) action, "actual knowledge [of the trustee] was irrelevant regardless of the state law of actual notice."  *McEvoy v. Ron Watkins, Inc.*, 105 B.R. 362, 364 (N.D. Tex. 1987).  The language of the Code is clear that encumbrances may be avoided "without regard to any knowledge of the trustee or of any creditor."  11 U.S.C. § 544(a).  Despite federal law preempting state law with regards to actual notice, "the state law of constructive notice remains applicable in the context of § 544(a)(3)." *McEvoy*, 105 B.R. at 365 (citing *McCannon v. Marston*, 679 F.2d 13, 364 (3d Cir. 1987)).

*Aguirre Possessed a Valid Constitutional Lien over the Homestead*

Aguirre's first defense to this § 544(a) action is that, regardless of the Trustee's status as a hypothetical bona fide purchaser, he possesses a valid, self-executing constitutional lien over the homestead.  Article 16, Section 37 of the Texas Constitution provides that, "[m]echanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."  A constitutional mechanic's lien is self-executing as between the owner and the original contractor regardless of notice or statutory requisites.  *Skaggs*, 612 S.W.2d at 653 (citing *First Nat. Bank in Dallas v. Whirpool Corp.*, 517 S.W.2d 262, 267 (Tex. 1974).  As the original contractor, Aguirre could enforce his lien against the Santoyos regardless of whether he filed a lien affidavit.[2]

It is well-settled law, however, that a constitutional lien *is not* enforceable against a purchaser who has neither actual nor constructive notice of the constitutional lien.  *See, e.g.*, *Continental Radio Co. v. Continental Bank & Trust Co.*, 369 S.W.2d 359, 362 (Tex. Civ. App.— Houston 163, writ ref'd n.r.e.); *Black Sivalls & Bryson vs. Operators' Oil & Gas Co.*, 37 S.W.2d 313, 315 (Tex. Civ. App.—Eastland 1931, writ dismd); *Irving Lumber Co. v. Alltex Mortg. Co.* (Tex. Civ. App.—Dallas 1969), aff'd 468 S.W.2d 341 (Tex. 1971).  Because the bankruptcy trustee steps into the shoes of a hypothetical bona fide purchaser, a constitutional lien may not be enforced against the Trustee absent notice.  *See McEvoy v. Ron Watkins, Inc.*, 105 B.R. 362, 365

---

[2] The Trustee challenges the validity of Aguirre's constitutional lien because the Contract failed to provide the Santoyos the right to rescind the contract within three days per Tex. Const. art. 16, sec. 50(a)(5)(C).  However, the Texas Supreme Court has held that the protections of Tex. Const., art 16, secs. 50(a)(5)(A)-(D) "apply only to work and material used to repair or renovate existing improvements on homestead property, and not to work and material used in constructing new improvements."  *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W. 3d 578, 581 (Tex. 2000) (internal quotations omitted).  Because the Contract was for the construction of a new home, the Santoyos are not afforded the protection of Section 50(a)(5)(C).

(N.D. Tex. 1987).  As discussed above, actual notice is not relevant to a § 544(a) inquiry. Accordingly, Aguirre can only prevail if the Trustee had constructive notice of the lien affidavits.

*A Lien Affidavit that Does Not Comply with Statutory Requirements Does Not Provide Either Constructive or Inquiry Notice*

In order for a contractor who has a constitutional lien to be protected against the rights of third parties, he must comply with the statutes relating to affidavits for fixing mechanic's and materialmen's liens, thus giving constructive notice.  *Tex. Wood Mill Cabinets, Inc. v. Butter*, 117 S.W.3d 98, 105 (Tex. App.—Tyler 2003, no pet.).  Constructive notice is notice the law imputes to a person not having personal information or knowledge.  *Hue Nguyen v. Chapa*, 305 S.W.3d 316, 324 (Tex. App.—Houston 2009, pet. denied).  Third parties such as the Trustee are charged with constructive notice of properly recorded lien affidavits.  *See Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 947 (Tex. App.—Houston 1993, no writ).  Conversely, "[a]n improperly filed lien affidavit, in and of itself, *fails to provide either actual or constructive notice of the lien*."  *Detering Co. v. Green*, 989 S.W.2d 479, 482 (Tex. App.—Houston 1999, pet. denied).  The Trustee is entitled to set aside liens that were not properly recorded under Texas law pursuant to § 544(a).  *See, e.g.*, *McEvoy v. Ron Watkins, Inc.*, 105 B.R. 362, 365 (N.D. Tex. 1987) ("The undisputed record discloses that Watkins failed to obey Texas' filing requirements, . . . [i]n short it cannot be said that Trustee received notice sufficient under § 544 and Texas law to make Debtor's estate subject to Watkins' lien."); *Boots Builders, Inc. v. Hobson Air Conditioning, Inc. (In re Boots Builders, Inc.)*, 11 B.R. 635, 639 (Bankr. N.D. Tex. 1981) (holding that the trustee could set aside a mechanic's lien which was not properly recorded within the statutory time period); *In re Elam*, 194 B.R. 412, 416 (Bankr. E.D. Tex 1996 ("[Section 544] allows the avoidance of any transfer of real property that *is not perfected* and

enforceable under applicable law against a bona fide purchaser from the debtor as of the instant the bankruptcy petition is filed.") (emphasis added).

Texas law also recognizes the doctrine of inquiry notice, triggered by notice of facts that would put a reasonably prudent person on a duty of inquiry. *In re Hamilton*, 125 F.3d 292, 299 (5th Cir. 1997) (citing *Woodward v. Ortiz*, 237 S.W.2d 286, 289 (Tex. 1951)). Constructive notice of a recorded interest in real property puts a subsequent purchaser under a duty to make a reasonable inquiry into the status of that interest. *Hamilton*, 125 F.3d at 299. Inquiry notice is applicable to the hypothetical bona fide purchaser created by § 544(a). *Id.* However, an improperly recorded instrument is not sufficient to trigger a duty of reasonable inquiry. *See Boswell v. Farm & Home Sav. Ass'n*, 894 S.W.2d 761, 766 (Tex. App—Fort Worth 1994, writ denied) (holding that an improperly recorded deed did not provide either constructive or inquiry notice). In this case, assuming the lien affidavits were invalid, had a hypothetical bona fide purchaser examined the real property records, he would only have found lien affidavits which did not comply with the Texas Property Code. Any duty of inquiry must end there. To impose a duty to investigate defective instruments would negate entirely the requirements for proper recordation as set forth by the Texas Property Code.

*Aguirre Failed to Comply with § 53.254(f) of the Texas Property Code*

If Aguirre did not properly record his Lien Affidavits, the Trustee may set it aside pursuant to § 544(a). Because a constitutional lien is not self-enforcing as against third parties, the Texas Legislature enacted Chapter 53 of the Texas Property Code to govern the assertion and enforcement of mechanic's liens. *Trinity Drywall v. Toka Gen. Contractors, Ltd.*, 416 S.W.3d 201, 208 (Tex. App.—El Paso 2013, pet. denied). The Trustee points to three defects with Aguirre's Lien Affidavits. First, the Affidavit filed May 7, 2008, did not attach a copy of the

Contract as required per Tex. Prop. Code § 53.254(a) and (e).[3]   This defect is ultimately immaterial, however, as Aguirre filed a second Lien Affidavit on June 10, 2008, which properly attached a copy of the Contract.  (ECF No. 9-5).  The June 10 Affidavit was also filed within the three-and-a-half month time period for the filing of residential lien affidavits as prescribed by the statute.[4]  Tex. Prop. Code § 53.052(b).

Although Aguirre did comply with § 53.254(e) of the Texas Property Code, he unquestionably did not comply with § 53.254(f).  Section 53.254(f) requires "[a]n affidavit for lien filed under this subchapter that relates to a homestead must contain the following notice conspicuously printed, stamped, or typed in a size equal to at least 10-point boldface or the computer equivalent, at the top of the page: NOTICE: THIS IS NOT A LIEN.  THIS IS ONLY AN AFFIDAVIT CLAIMING A LIEN."  Neither the May 7 or June 10 Affidavits contained such a notice.  (ECF Nos. 9-4 and 9-5).

Finally, the Trustee alleges that Aguirre failed to provide the notices as required by § 53.254(g).  Section 53.254(g) requires a lien affidavit fixing a lien on a homestead to provide certain notices to be added to those notices required by § 53.252 of the Property Code.  However, § 53.252 only applies to "claimant[s] *other than the original contractor*."  Tex. Prop. Code § 252(a) (emphasis added).  As the original contractor, Aguirre was exempted from both §§ 53.254(g) and 53.252.

---

[3] Section 53.254(a) provides that "To fix a lien on a homestead, the person who is to furnish material or perform labor and the owner must execute a written contract setting forth the terms of the agreement."  The contract "must be filed with the county clerk of the county in which the homestead is located."  Tex. Prop. Code § 53.254(e).

[4] As measured from when the indebtedness accrued, i.e., when the Contract was completed on March 4, 2008.  Tex. Prop. Code § 53.053(b).

*Lien Affidavits Are Liberally Construed in Texas*

In sum, Aguirre's Lien Affidavit complied with all statutory requirements except for Tex. Prop. Code § 53.254(f).  Aguirre urges the Court to liberally construe his Lien Affidavit, citing Texas's longstanding policy of protecting the interest of laborers and materialmen.  It is indeed "well established in Texas law[] that the mechanics' lien statutes are to be liberally construed in favor of protecting the interests of laborers and materialmen." *Blanco, Inc. v. Porras*, 897 F.2d 788, 791 (5th Cir. 1990).  *See also RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985); *Hayek v. Western Steel Co.*, 478 S.W.2d 786, 795 (Tex. 1972).

Lien affidavits should not be judged by a strict-compliance standard, but rather "by whether the claimant substantially complied with the statutory requirements." *Mustang Tractor & Equip. Co. v. Hartford Accident and Indem. Co.*, 263 S.W.3d 437, 440 (Tex. App.—Austin 2008, pet. denied).  Indeed, the plain language of the statute requires only that a lien affidavit "must be signed by the person claiming the lien or by another person on the claimant's behalf and must [comply] *substantially*" with §§ 53.054(a)(1) – (a)(8).  Tex. Prop. Code § 53.054. (emphasis added).  The substantial compliance standard distinguishes between mere technical defects, which can be excused, and those defects which are more substantive in nature and, if overlooked, would negate a statutory provision or prejudice another party.  *Mustang*, 263 S.W.3d at 441 (citing *First Nat'l Bank in Graham v. Sledge*, 653 S.W.2d 283, 287 (Tex. 1983)).

The Court is not of aware of any case in which the sole deficiency of a lien affidavit was the failure to comply with § 53.254(f).  In *Morrell Masonry Supply, Inc. v. Loeb*, the Texas Court of Appeals affirmed a trial court verdict invalidating a lien, in part, because the lien affidavit did not comply with § 53.254(f).   349 S.W.3d 664, 671 (Tex. App.—Houston 2011, no pet.).  However, in that case the claimant also failed to timely file the lien affidavit and did not properly

comply with the retainage statute. *Id.* Taken together, the court found the errors prejudicial. This case is distinguishable given that the Trustee has only demonstrated a single error on Aguirre's part. In fact, the *Mustang* court was presented with a nearly identical scenario to the present case, where the claimant "merely omitted *a single item* in the enumerated list found in section 53.054(a), [as opposed to] the affidavit in *Mainline* [which] excluded nearly half of the listed items, lending support to the holding that the claimant failed to substantially comply with the statute." 263 S.W.3d at 442.

The Trustee argues that this lien affidavit should not be judged liberally, but must be subject to the strict-compliance standard because the property in question is homestead property. He is correct that, "Texas courts have consistently held that a valid lien cannot be created on homestead property in any manner other than *strict compliance* with the requirements of the statutes and constitution." *RepublicBank, Lubbock, N.A. v. Daves (In re Daves)*, 770 F.2d 1363, 1366-67 (5th Cir. 1985) (citing *Collier v. Valley Building & Loan Ass'n*, 62 S.W.2d 82, 84 (Tex. Comm'n App. 1933, holding approved ("The Constitution and statutes zealously guard the rights of a homestead, and a materialman's and mechanic's lien thereon can be acquired only by strict compliance with the provisions thereof."). Additionally, section 53.251 of the Texas Property Code provides that "a person must comply with this subchapter in addition to the other applicable provisions of this chapter to perfect a lien that arises from a claim resulting from a residential construction project."

The Trustee's argument is misplaced, however, because the § 544(a) analysis does not turn on whether Aguirre's lien could be enforced against the Santoyo's homestead.[5] Instead, the issue is whether the lien could be enforced against a hypothetical bona fide purchaser as of the

---

[5] The Court does not express an opinion on whether Aguirre could enforce his lien against the owner of a homestead.

petition date.   The summary judgment record indicates that Aguirre complied with all requirements of the Texas Property Code to perfect his lien other than a provision relating exclusively to homesteads.   Because a hypothetical bona fide purchaser is not entitled to homestead protections, Aguirre's lack of compliance with the homestead provisions is material only to the extent that such an omission was prejudicial.

If the Trustee is able to demonstrate that any party was "misled to [their] prejudice" as a result of Aguirre's omission, the lien affidavits did not substantially comply with the statute and accordingly would not provide a hypothetical bona fide purchaser constructive or inquiry notice. *Mustang Tractor & Equip. Co. v. Hartford Accident and Indem. Co.*, 263 S.W.3d 437, 444 (Tex. App.—Austin 2008, pet. denied).   It follows then, that if the Trustee cannot demonstrate prejudice, the lien affidavit *did* comply with the statute and could be enforced against the hypothetical bona fide purchaser.   A genuine issue of material fact exists as to prejudice. Accordingly, all summary relief is denied.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion following the November 18, 2015 evidentiary hearing.

SIGNED **October 26, 2015.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

13 / 13